Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road
Ossining, New York 10562
(914) 330-1527
*paulcist@justice.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**LISA BORSILLI,**

                **Plaintiff,**

      -against-

**WAL-MART STORES EAST L.P.,**

            **Defendant.**

------------------------------------------------------------x

**VERIFIED COMPLAINT**
**AND JURY TRIAL DEMAND**

**08 CIV. 5135**

**ASSIGNED JUDGE JUDGE ROBINSON**

    Plaintiff, Lisa Borsilli, by and through her attorney, Paul N. Cisternino, as and for her verified complaint, alleges as follows:

**INTRODUCTION**

    1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically the Americans with Disabilities

Act of 1990 and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that she was subjected to discrimination, denied the equal terms, conditions and privileges of employment and terminated based on disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the Commission; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. At all times relevant herein plaintiff resided within the State of New York.

8. Upon information and belief the defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9.   Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10.   Plaintiff was originally employed by the defendant in April 2005 as a cashier.

11.   During her period of service to the defendant, plaintiff has always performed her assigned job duties in a competent and professional manner, and, except when dealing with her medical conditions, has maintained good time and attendance.

12. As defendant is aware, plaintiff suffers from asthma which requires that she take various medications, including Bueterall, which is administered via a hand held inhaler pump; because an asthma attack can come on without advance notice, plaintiff kept an inhaler in a "fanny pack" around her waist area for easy access to her medication.

13. On or about February 19, 2006, plaintiff injured her shoulder while assisting a customer in lifting a heavy bag at the register.

14. This injury necessitated plaintiff having to apply for Worker's Compensation benefits, which caused her to miss some work days, which various members of defendant management seemed to have a problem with; her injury would eventually require plaintiff to undergo multiple surgeries in 2007 and 2008.

15. On or about December 6, 2006, while working her register, plaintiff overheard Security Officer Dave Gray ("Gary") discussing her wearing of the fanny pack with Customer Service Manager McKella Lawrence ("Lawrence"), saying that it was not allowed; because she was not being addressed directly, plaintiff did not respond to their comments.

3

16. Two days later, on or about December 8, 2006, plaintiff was approached by several supervisors, including Gray and Lawrence, and told she couldn't wear the fanny pack.

17. Although plaintiff tried to explain that it contained her medication and that she sometimes needed to have immediate access to it, they would not accept this explanation.

18. Upon information and belief, there were approximately six other cashiers working at the same time also wearing fanny packs who were not similarly addressed by any supervisors.

19. When she questioned why she had to discontinue wearing the fanny pack, plaintiff was brought first into the Security Office by Gray and then into Manager Robert Wilson's ("Wilson") office.

20. When plaintiff explained the situation to Wilson he suggested assigning her a locker to keep her medication in; although not an ideal solution plaintiff accepted it and returned to work after being given a locker.

21. Although she thought the matter had been resolved, later on, after her fifteen minute break, plaintiff was again brought to the manager's office and told that she was being terminated.

22. Although they sited "insubordination" as the reason, plaintiff believes that the stated reason for her termination was a pretext and that the real reason was her medical conditions; additionally, upon information and belief, defendant management was not pleased that plaintiff sought to receive Worker's Compensation benefits for her shoulder injury.

23. At the time of her termination plaintiff was making approximately $8.40 per

hour.

24. Since her termination, plaintiff has been unable to obtain suitable replacement employment.

25. Upon information and belief, the defendant does not maintain an office or mechanism for the reporting of discrimination or other similar complaints nor do they possess or distribute to employees a formal, written anti-discrimination policy.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

26. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the ADA in that plaintiff was disparately treated based on her disabilities (asthma/rotator cuff injury).

28. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY UNDER THE NEW YORK EXECUTIVE LAW §290

29. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated based on disability (asthma/rotator cuff injury).

31. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Lisa Borsilli, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
June 2, 2008

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

Paul N. Cisternino (PC-0317)

## VERIFICATION

STATE OF NEW YORK                    )
                                     )  SS:
COUNTY OF WESTCHESTER                )


LISA BORSILLI, being duly sworn, deposes and says:

I am the plaintiff herein.  I have read the foregoing and know the contents thereof;

the same is true of my own knowledge except as to the matters stated on information and

belief; as to those matters, I believe the same to be true.


LISA BORSILLI


Subscribed and sworn to before me this
2 nd  day of June 2008.


Notary Public

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/11