Littler Mendelson P.C.
Joel L. Finger
Theo E.M. Gould
900 Third Avenue
New York, New York 10022
(212) 497-8489

Attorneys for Defendant Wal-Mart Stores East L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
LISA BORSILLI                                                :
                                                             :  **ANSWER**
                                      Plaintiff,             :  No. 08 Civ. 5135 (SCR)
                                                             :
           -against-                                         :
                                                             :
WAL-MART STORES EAST L.P.,                                   :
                                                             :
                                      Defendant.             :
------------------------------------------------------------ X

Defendant Wal-Mart Stores East, L.P. ("Defendant"), by its attorneys Littler Mendelson P.C., for its Answer to the Complaint, responds as follows:

### INTRODUCTION

1.      Defendant denies the allegations set forth in the first paragraph of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

2.      Defendant denies the allegations set forth in the second paragraph of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

3.      Defendant denies the allegations set forth in the third paragraph of the Complaint.

### JURISDICTION AND VENUE

4.      Defendant neither admits nor denies the allegations set forth in the fourth paragraph of the Complaint, as they are conclusions of law only.

5. Defendant denies the allegations set forth in the fifth paragraph of the Complaint, except admits that Plaintiff was employed at Defendant's store # 1810 which is located in Fishkill, New York.

## ADMINISTRATIVE PROCEEDINGS

6. Defendant neither admits nor denies the allegations set forth in the sixth paragraph of the Complaint, as they are conclusions of law only, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff timely filed charges with the Equal Employment Opportunity Commission, that she requested and received a written dismissal from the Commission, and that the instant Complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh paragraph of the Complaint.

8. Defendant neither admits nor denies the allegation set forth in the eight paragraph of the Complaint, as they are conclusions of law only.

## ALLEGATIONS

9. In response to the allegations set forth in the ninth paragraph of the Complaint, Defendant repeats and realleges its responses and denials to paragraphs 1 through 8 as if they were fully set forth herein.

10. Defendant admits the allegation set forth in the tenth paragraph of the Complaint.

11. Defendant denies the allegations set forth in the eleventh paragraph of the Complaint.

12. Defendant denies the allegations set forth in the twelfth paragraph of the Complaint

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirteenth paragraph of the Complaint, except Defendant admits that it granted Plaintiff a medical leave of absence on or about February 19, 2006 because Plaintiff told Defendant that she had injured her shoulder while assisting a customer.

14. Defendant denies the allegations set forth in the fourteenth paragraph of the Complaint, except Defendant admits only that Plaintiff applied for Workers' Compensation benefits, and Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's surgeries.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifteenth paragraph of the Complaint.

16. Defendant denies the allegations set forth in the sixteenth paragraph of the Complaint.

17. Defendant denies the allegations set forth in the seventeenth paragraph of the Complaint.

18. Defendant denies the allegations set forth in the eighteenth paragraph of the Complaint.

19. Defendant denies the allegations set forth in the nineteenth paragraph of the Complaint.

20. Defendant denies the allegations set forth in the twentieth paragraph of the Complaint, except Defendant admits that, prior to December 8, 2006, Robert Wilson, Store

Manager, engaged Plaintiff in an interactive dialogue in which he proposed several reasonable accommodations, including, but not limited to, keeping her personal items in a locker.

21. Defendant denies the allegations set forth in the twenty-first paragraph of the Complaint.

22. Defendant denies the allegations set forth in the twenty-second paragraph of the Complaint.

23. Defendant denies the allegation set forth in the twenty-third paragraph of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the twenty-fourth paragraph of the Complaint.

25. Defendant denies the allegations set forth in the twenty-fifth paragraph of the Complaint.

### FIRST CAUSE OF ACTION

26. In response to the allegations set forth in the twenty-sixth paragraph of the Complaint, Defendant repeats and realleges its responses and denials to paragraphs 1 through 25 as if they were fully set forth herein.

27. Defendant denies the allegations set forth in the twenty-seventh paragraph of the Complaint.

28. Defendant denies the allegations set forth in the twenty-eight paragraph of the Complaint.

## SECOND CAUSE OF ACTION

29. In response to the allegations set forth in the twenty-ninth paragraph of the Complaint, Defendant repeats and realleges its responses and denials to paragraphs 1 through 28 as if they were fully set forth herein.

30. Defendant denies the allegations set forth in the thirtieth paragraph of the Complaint.

31. Defendant denies the allegations set forth in the thirty-first paragraph of the Complaint.

## PRAYER FOR RELIEF

32. Defendant denies that Plaintiff is entitled to any relief and denies the allegations set forth in the wherefore clause.

## DEFENSES

### FIRST DEFENSE

33. The Complaint fails to state a cause of action against Defendant upon which relief may be granted.

### SECOND DEFENSE

34. The Court lacks jurisdiction over the subject matter of this lawsuit to the extent that the allegations of the Complaint are beyond the scope of a timely filed charge of discrimination.

### THIRD DEFENSE

35. To the extent Plaintiff failed to exhaust his administrative remedies with respect to any claim, such claims are barred.

## FOURTH DEFENSE

36.	The Complaint is barred by the statue of limitations.

## FIFTH DEFENSE

37.	Any and all actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory factors, and were made in good faith and in compliance with all applicable laws.

## SIXTH DEFENSE

38.	Plaintiff was at all times an employee at-will, and had no express, implied, oral, or written contract of employment with Defendant and could have been laid-off or terminated at any time, with or without just cause.

## SEVENTH DEFENSE

39.	Plaintiff is unable to identify any similarly situated individuals who were treated more favorably than her with regard to the allegations contained in the Complaint.

## EIGHTH DEFENSE

40.	At all times relevant to this Complaint, Plaintiff was not "disabled," and was not perceived as "disabled," within the definition of the Americans with Disabilities Act of 1990 and/or New York Executive Law §290.

## NINTH DEFENSE

41.	Defendant properly engaged in the interactive process with Plaintiff.

## TENTH DEFENSE

42.	Defendant provided Plaintiff with a reasonable accommodation.

## ELEVENTH DEFENSE

43.	Plaintiff's request constituted an undue hardship.

**TWELFTH DEFENSE**

44.     Without conceding in any way the allegations of the Complaint, at all times relevant to this action, Defendant exercised reasonable care to prevent and/or correct promptly any unlawful conduct such as that alleged in the Complaint. Defendant has maintained and enforced policies prohibiting discrimination and harassment, has provided procedures through which Associates can notify it of violations and/or perceived violations of these policies, has made those polices and procedures available to its Associates, has promptly investigated complaints of discrimination and harassment, and has taken corrective action where appropriate. To the extent that Plaintiff notified Defendant of any actual or perceived discrimination or harassment and/or availed herself of the preventive and corrective opportunities provided by Defendant, Defendant promptly investigated and to the extent appropriate, took corrective action.

**THIRTEENTH DEFENSE**

45.     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**FOURTEENTH DEFENSE**

46.     All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive.

**FIFTEENTH DEFENSE**

47.     Plaintiff fails to state facts sufficient to support an award of punitive or multiple damages against Defendant.

**SIXTEENTH DEFENSE**

48. Assuming, *arguendo*, Plaintiff's allegations are sufficient to warrant an award of punitive damages, an award of punitive damages is precluded by Defendant's good faith efforts to comply with applicable laws, including the ADA and all other state and federal laws pertaining to employment.

**SEVENTEENTH DEFENSE**

49. Even if Plaintiff were able to prove that Defendant's actions and decisions were motivated, in part, by unlawful discriminatory intent, Plaintiff's claims still fail because Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

**EIGHTEENTH DEFENSE**

50. To the extent that Plaintiff engaged in misconduct, violation of Defendant's policies, or other conduct that would have resulted in her discharge from Defendant, or would have precluded her from obtaining employment with Defendant, had Defendant discovered such conduct, Plaintiff's recovery is limited and/or barred.

**NINETEENTH DEFENSE**

51. To the extent that any of Defendant's employees engaged in any of the conduct described in the Complaint, such actions were outside of the scope of her employment, were contrary to the policies and directives of Defendant, and not done in furtherance of Defendant's business interests.

**TWENTIETH DEFENSE**

52. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

### TWENTY-FIRST DEFENSE

53. If Plaintiff suffered any economic injury as a result of any alleged actions by Defendant, Plaintiff had a duty to mitigate damages, and, upon information and belief, failed to do so.

### TWENTY-SECOND DEFENSE

54. Plaintiff's Complaint, and each claim set forth therein, are barred by the equitable doctrines of consent, waiver, estoppel, laches, and/or unclean hands.

### TWENTY-THIRD DEFENSE

55. As Plaintiff's claims are without merit, Defendant should recover all costs and attorneys' fees incurred herein.

### TWENTY-FOURTH DEFENSE

56. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

Dated: New York, New York
August 5, 2008

LITTLER MENDELSON P.C.

By: _/s/ Theo E.M. Gould_
Joel L. Finger
Theo E.M. Gould
Attorneys for Defendant
900 Third Avenue
New York, New York 10022
Telephone: (212) 497-8489
Facsimile: (646) 417-7611

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2008, I served the foregoing Answer of Defendant Wal-Mart Stores East, L.P. by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems upon Plaintiff's attorney:

>Paul N. Cisternino, Esq.
>Law Offices of Paul N. Cisternino, P.C.
>16 Briarbrook Road
>Ossining, NY 10562

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
August 5, 2008

By: _____
Anna Maria Loiacono